**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4281**

———————

UNITED STATES OF AMERICA,

                                      Plaintiff - Appellee,

    versus

JEROME SAUNDERS,

                                      Defendant -Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-04-17)

———————

Submitted: October 31, 2005      Decided: November 14, 2005

———————

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Herbert L. Hively, II, Hurricane, West Virginia, for Appellant. Kasey Warner, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerome Saunders pled guilty to possession of marijuana with intent to distribute, 21 U.S.C.A. § 841(a), (b)(1)(D) (West 1999 & Supp. 2005) (Count Two), and was sentenced as a career offender, U.S. Sentencing Guidelines Manual § 4B1.1 (2004), to a term of ninety-six months imprisonment. The court made the sentence consecutive to a one-year sentence imposed in the same hearing upon revocation of Saunders's supervised release. Saunders appeals his sentence, contending that it is unreasonable. We affirm.

At the sentencing hearing, Saunders had no objection to the guideline calculation, but he requested a sentence of seventy-seven months (the bottom of the guideline range of 77-96 months), and requested that it run concurrently with the revocation sentence. After considering the advisory guideline range and the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), the court explained its decision to impose a sentence at the top of the range by noting that Saunders was a career offender, that this was the second time he had violated the conditions of his supervised release, and that the court could have departed upward for reckless endangerment that posed a substantial risk of death to more than one person. See USSG § 3C1.2, comment. (n.6). After the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the sentencing court must calculate the appropriate

- 2 -

guideline range, consider the range in conjunction with other relevant factors under the advisory guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence.  We will "affirm the sentence imposed as long as it is within the statutorily prescribed range . . . and is reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 767).

Saunders argues that the imposition of consecutive sentences was unreasonable and that a sentence of seventy-seven months would have been reasonable.  However, the court correctly treated the guidelines as advisory and considered the § 3553(a) factors.  The court complied with Hughes and explained its reasons for sentencing Saunders at the top of the range.  We conclude that the sentence is reasonable.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED